**Marc H. LEVY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 97–SC–449–KB.

Supreme Court of Kentucky.

Sept. 4, 1997.

Joseph A. Hammer, Louisville, for Movant.

Jane H. Herrick, Kentucky Bar Association, Frankfort, for Respondent.

### OPINION AND ORDER

Movant, Marc H. Levy, of Louisville, Kentucky, requests that this Court enter an order suspending his license to practice law in the Commonwealth of Kentucky for sixty (60) days. Respondent, Kentucky Bar Association ("KBA"), has no objection to Movant's request.

The case arises out of Movant's representation of Omni Insurance ("Omni") in a subrogation action against Lorna Wilson in Jefferson County. According to the three-count charge issued against Movant by the Inquiry Tribunal, Movant filed suit on behalf of Omni on August 27, 1993, but failed to have the defendant timely served. After Movant admittedly failed to respond to a show cause order or appear at a subsequent show cause hearing on November 1, 1994, the Jefferson Circuit Court dismissed the case. Movant eventually managed to reopen the case, serve

the defendant, and obtain a judgment on Omni's behalf. However, he concedes that, from August of 1993 to November of 1995, he failed to respond to numerous telephonic and written requests for information about the case made by three different Omni claims agents.

Accordingly, Movant admits being guilty of Count I of the Inquiry Tribunal's charge. Count I alleged a violation of SCR 3.130–1.3, which requires an attorney to act with "reasonable diligence and promptness in representing a client." Count II, of which Movant also acknowledges his guilt, accused Movant of violating SCR 3.130–1.4(a), which provides that a lawyer should keep his client "reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Movant denies Count III, which charged him with knowingly making a false statement of material fact in connection with a disciplinary matter, in violation of SCR 3.130–8.1(a).

In its response, the KBA indicates that it agrees with the substance of Movant's summary of events; has no objection to the dismissal of Count III, and asks this Court to suspend Movant for sixty days. The KBA also notes that Movant has reimbursed the KBA for its costs expended in the matter. Therefore, it is the judgment and order of this Court that the Movant be and he is hereby suspended from the practice of law in this Commonwealth for a period of sixty (60) days.

All concur.

ENTERED: September 4, 1997.

/s/ Robert F. Stephens
Chief Justice