INQUIRY COMMISSION, Movant,

v.

Maxwell HAMMOND, Respondent.

No. 2006–SC–323–KB.

Supreme Court of Kentucky.

Aug. 24, 2006.

Margaret E. Keane, Greenebaum, Doll & McDonald, Louisville, Jenny Dawson Lafferty, Kentucky Bar Association, Frankfort, Counsel for Movant.

Maxwell Hammond, Grayson, Respondent.

## OPINION AND ORDER OF TEMPORARY SUSPENSION

The Inquiry Commission requests that Respondent Maxwell Hammond, KBA Member No. 85218, whose last known address is P.O. Box 1500, 660 South 7th Street, Grayson, Kentucky 41450, be temporarily suspended from the practice of law in the Commonwealth of Kentucky pursuant to SCR 3.165(1)(a) as there is probable cause to believe that Respondent is or has been misappropriating funds that he holds for others to his own use or has been otherwise improperly dealing with said funds, and pursuant to SCR 3.165(1)(b) as there is probable cause to believe that Respondent poses a substantial threat of harm to his clients or to the public.

### Factual Allegations

As of May 2, 2006, Respondent was the subject of fourteen separate complaints, ten of which involved allegations that Respondent had mishandled client funds. A short description of the allegations contained in those complaints are as follows:

### 1. KBA File No. 12354

On October 20, 1999, Cathy White and Walt Justice paid Respondent a retainer in the amount of $892.60 to represent them in selling property from the estate of Bill Justice. Respondent, however, never took any action regarding the sale of the property. Respondent failed to reply to numerous telephone calls and at least one letter from Ms. White.

### 2. KBA File No. 12389

On August 18, 2003, Rosie Pence hired Respondent to represent her on a contingency fee basis in a sexual harassment lawsuit against American Airlines. Respondent took no action in Ms. Pence's case, failed to return her repeated phone calls, and failed to provide an explanation of the status of the case.

### 3. KBA File No. 12752

William L. Skaggs hired Respondent to represent him in a criminal matter involving charges of speeding and possession of a controlled substance. Mr. Skaggs, who is a resident of Arizona, was driving an Avis rental car when he was stopped for speeding and arrested. He was sentenced in September 2004. Following his sentencing, Mr. Skaggs attempted to recover the original rental agreement with Avis from Respondent. He contacted Respondent's office multiple times between October 2004 and February 2005; his attorney in Arizona, William J. Wolf, contacted Respondent's office numerous other times. Neither Mr. Skaggs nor Mr. Wolf were ever able to speak with Respondent, and Respondent never returned their calls or the rental agreement.

### 4. KBA File No. 12763

On July 2, 2004, William Fields retained Respondent, paying him a $1,500.00 retainer. Respondent subsequently missed several appointments with Mr. Fields and several court appearances, and refused to return any of Mr. Fields's retainer.

### 5. KBA File No. 13079

On August 20, 2004, Georgia Stone McBratney hired Respondent for a criminal matter. Mrs. McBratney's husband paid Respondent $2000.00. Thereafter, Respondent failed to make efforts to have Mrs. McBratney's bond reduced or to consult with her about her case. Respondent also failed to appear in court five times when Mrs. McBratney's case was called. Eventually, Mrs. McBratney resolved her case with the assistance of a public defend-

er. Respondent, however, refused to refund any of the retainer, despite Mrs. McBratney's request that he do so.

## 6. KBA File No. 13093

On October 8, 2004, Joy Johnson hired Respondent to represent her in obtaining a divorce. She made a partial payment of $250.00 at that time. Respondent agreed to call Ms. Johnson the following week but failed to do so. Ms. Johnson also called Respondent's office and asked that he appear in court with her to obtain a Domestic Violence Order, but he failed to make the appearance. Ms. Johnson was not able to speak with Respondent directly, and he refused to return her phone calls. Ms. Johnson's husband served her with a petition for dissolution of marriage on November 4, 2004. She still had not heard from Respondent, so she hired another attorney to represent her. She subsequently called Respondent's office multiple times to obtain a refund of her fee. She finally spoke with Respondent on March 21, 2005, and Respondent agreed to review her file and get back with her. However, Respondent never called her back and he did not refund her fee.

## 7. KBA File No. 13264

Brady Sparks hired Respondent to represent him in making a claim for Social Security Disability benefits. On March 10, 2005, Mr. Sparks paid Respondent $1,737.00, which represented 25% of the amount he was awarded for back pay. The Social Security Office later sent Mr. Sparks a letter indicating that Respondent was entitled to $5,300.00 for his representation in the matter and that that amount had been withheld from Mr. Sparks's check and distributed to Respondent. The Social Security Office sent Mr. Sparks another letter indicating that $5,300.00 was the maximum fee Respondent could charge in the matter and that it would not approve a higher fee based on past-due bene-

fits. Mr. Sparks's wife contacted Respondent about refunding the $1737.00 that had previously been paid as his fee for recovery of past-due benefits. Respondent failed to return the call and refused to refund any money to Mr. Sparks.

## 8. KBA File No. 13597

Susan Burns hired Respondent to represent her in a personal injury case in 2000. Respondent failed to take action in the matter and failed to return phone calls from Ms. Burns throughout the representation. Ms. Burns discharged Respondent in 2005 and requested the return of her client file. Respondent failed to return the file.

## 9. KBA File No. 13633

In 2001, Charles Ingles hired Respondent to challenge his brother's will. Mr. Ingles paid Respondent $500.00 plus $125.00 for filing fees. Respondent never initiated the will contest proceedings, and later told Mr. Ingles's other brother, Ralph Ingles, that there was nothing he could do to challenge the will. In 2004, Charles and Ralph Ingles hired Respondent to represent them in a lawsuit against a person they claimed had forged their deceased brother's signature on several checks. They paid Respondent $500.00 plus a $140.00 filing fee for the representation; they also agreed to pay Respondent a contingency fee of 30% of any damages recovered. Respondent never filed the lawsuit and subsequently failed to return the Ingles brothers' phone calls or their fee.

## 10. KBA File No. 13750

In August 2004, Maxine Wooten hired Respondent to represent her in a DUI case. She gave Respondent a diamond ring valued at $3,774.80 to cover the fee and any fines she might have to pay. Re-

spondent failed to represent Ms. Wooten. She eventually pled guilty to the DUI charge and was ordered to pay fines totaling $974.00. Respondent failed to pay the fines as agreed and never returned the diamond ring or any part of the value of the ring.

### 11. KBA File No. 13862

On August 16, 2005, Ashley Sexton hired Respondent to recover some property from her estranged mother. Ms. Sexton's father paid Respondent $750.00 for the representation. However, Respondent did not perform any work on behalf of Ms. Sexton, and has refused to return telephone calls or the fee.

### 12. KBA File No. 13873

Respondent represented Charles Oppenheimer in an appeal. Respondent failed to file a required pre-hearing statement and failed to respond to a show cause order from the Court of Appeals. Consequently, Mr. Oppenheimer's appeal was dismissed, and Respondent was fined and subsequently held in contempt for failure to pay the fine.

### 13. KBA File No. 14002

On June 24, 2005, Roger Haney paid Respondent $750.00 to represent him in attempting to have an agreed order set aside in Carter District Court. After two months passed without any action by Respondent, Mr. Haney filed a pro se motion to set aside the order with the district court. Respondent appeared in court with Mr. Haney for only 35 minutes, and Mr. Haney discharged Respondent and requested the return of his fee on January 10, 2006. Respondent has failed to return Mr. Haney's phone calls and his fee.

### 14. KBA File No. 14012

On November 21, 2005, Janet Cassell paid Respondent $750.00 to represent her, but Respondent never performed any work on her behalf. Ms. Cassell called Respondent's office several times, but Respondent has failed to return her calls. Ms. Cassell has also asked Respondent to return the unearned fee, but he has failed to do so.

### Procedural History

Respondent failed to file a response to the bar complaint filed by Ms. White in KBA File No. 12354, but he did file an answer to the subsequent formal charge issued by the Inquiry Commission. However, the answer was not timely filed, and it was returned to Respondent with a notice advising him to file a motion seeking to file a late answer. A letter was later sent to Respondent advising him that the matter would be addressed as a default case unless he tendered a motion to file a late answer with a copy of his answer to the complaint. Respondent has not filed such a motion and answer.

Respondent also failed to file an answer to the bar complaint filed by Ms. Pence in KBA File No. 12389. However, when the Inquiry Commission issued a formal charge in that case, Respondent filed a timely, albeit non-substantive, answer.

Respondent has filed responses to the bar complaints in KBA File Nos. 12752, 12763, 13079, 13093, 13264, 13597, 13633, and 13750. The Inquiry Commission indicates that the responses in most of these cases are inadequate to address the allegations in the bar complaints. Specifically, the Office of Bar Counsel has requested additional information from Respondent in six of these cases; Respondent has failed to respond to five of those requests, which were the subject of an application for a subpoena duces tecum that was scheduled to be heard by the Inquiry Commission on May 8, 2006.

Respondent has requested several extensions of times to file a response to the bar complaint in KBA File No. 13862.

The Inquiry Commission allowed Respondent until April 20, 2006 to file his response, but he had not done so as of May 2, 2006.

The complaint in KBA File No. 13873 was initiated by the Inquiry Commission pursuant to SCR 3.160(2). Respondent was served with a copy of the complaint by sheriff on April 12, 2006, thus making his response due by May 2, 2006. As of that date, Respondent had not filed a response.

On April 5, 2006, Respondent was served by certified mail with the bar complaints in KBA File Nos. 14002 and 14012. Respondent has not responded to the complaints, and the KBA is currently attempting personal service on Respondent by sheriff.

### Order

After a review of the Inquiry Commission's Petition for Temporary Suspension and the documentation supporting the petition, this Court finds that "[i]t appears that probable cause exists that [Respondent] is or has been misappropriating funds the attorney holds for others to his[ ]own use or has been otherwise improperly dealing with said funds." SCR 3.165(1)(a), and "[i]t appears that probable cause exists to believe that [Respondent's] conduct poses a substantial threat of harm to his clients or to the public.... " SCR 3.165(1)(b).

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1) Maxwell Hammond is temporarily suspended from the practice of law in the Commonwealth effective on the day of the entry of this order. Hammond's suspension shall continue until this order is superseded by a subsequent order of this Court.

2) If it has not already done so, the Inquiry Commission shall initiate disciplinary proceedings against Hammond pursuant to SCR 3.160 unless he resigns under terms of disbarment.

3) Pursuant to SCR 3.165(5), Hammond shall, within 20 days of the date of entry of this order, notify in writing any and all clients of his inability to continue to represent them and shall furnish copies of such written notifications to the Director of the Kentucky Bar Association.

4) Pursuant to SCR 3.165(6), Hammond shall, to the extent reasonably possible, immediately cancel and cease any and all advertising activities in which he is engaged.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert

Chief Justice