**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Maxwell Lee HAMMOND,**
**II, Respondent.**

**No. 2006–SC–000845–KB.**

Supreme Court of Kentucky.

Sept. 20, 2007.

## *OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association (KBA) has recommended to this Court that the Respondent, Maxwell L. Hammond, II, be suspended from the practice of law for a period of sixty-one days. Mr. Hammond was admitted to the practice of law in the Commonwealth of Kentucky on April 29, 1994. His last known bar roster address is 660 S. 7th Street, Grayson, Kentucky, 41143. The Board of Governors unanimously found Respondent guilty of four counts of professional misconduct.

The present disciplinary action arises from Respondent's representation of Cathy White and Walt Justice, concerning the sale of property belonging to the Estate of Bill Justice. On October 20, 1999, White and Justice retained Respondent and, thereafter, made three separate payments to him totaling $892.60. For nearly three years, Respondent failed to take any action regarding the sale. He also failed to communicate with his clients in any manner, despite their repeated attempts to contact him. White eventually sent Respondent a letter dated September 12, 2002, requesting a refund of the fee, but Respondent did not reply. Finally, in October of 2004, White filed the present bar complaint.

An attempt to serve Respondent with the bar complaint by certified mail was unsuccessful. The Carter County Sheriff later successfully served Respondent with the bar complaint and a warning letter, but the Bar Association received no response. The Inquiry Commission then filed a charge against Respondent. Repeated attempts were made by the Carter County Sheriff to serve Respondent with the charge, all of which were unsuccessful. Eventually, the Executive Director of the KBA accepted service on behalf of Respondent and further attempts to notify him of the charge were made. Finally, on September 20, 2005, a certified letter was accepted at Respondent's official bar address, though Respondent himself did not sign it. Nonetheless, Respondent tendered an Answer to the charge on October 12, 2005. The Answer was rejected as untimely, though Respondent was instructed to file a motion for permission to file a

late pleading in order for his Answer to be considered. Respondent failed to submit such a motion and made no further attempt to communicate with the Office of Bar Counsel.

Count One of the charge alleges that Respondent violated Supreme Court Rule (SCR) 3.130–1.3 by his failure to communicate with his clients and his failure to exercise reasonable diligence and promptness in representing his clients. Count Two alleges that Respondent violated SCR 3.130–1.4(a) by failing to keep White and Justice apprised of the status of the case. Count Three of the charge alleges that Respondent violated SCR 3.130–1.16(d) by failing to take necessary steps to protect his clients' interests and by failing to refund all or part of the fee paid to him that had not been earned. Upon review of the matter, the Board of Governors unanimously concluded that Respondent was guilty of all three charges. In addition, the Board unanimously concluded that Responded failed to properly respond to a bar complaint and, therefore, violated SCR 3.130–8.1(b).

In addition to the present charges, the Board also considered Respondent's lengthy disciplinary history. Following his admission to the Bar in 1994, Respondent was privately admonished in February of 2005 for a violation of SCR 3.130–1.16(d) for failure to protect a client's interests upon termination of representation. By August of 2006, Respondent was the subject of fourteen separate complaints, including the present complaint filed by White and Justice. While all fourteen complaints included allegations that Respondent failed to adequately communicate with his clients, ten also contained allegations that he mishandled client funds. In response, the Inquiry Commission petitioned this Court to temporarily suspend Respondent from the practice of law pursuant to SCR 3.165(1) and SCR 3.165(1)(b). Finding probable cause that the allegations of misconduct were true, this Court granted the temporary suspension on August 24, 2006. *See Inquiry Comm'n v. Hammond,* 198 S.W.3d 591 (Ky.2006) (reciting the factual circumstances of Respondent's thirteen remaining complaints). Since that time, the Inquiry Commission has initiated disciplinary actions against Respondent regarding two of the fourteen complaints. On October 6, 2006, Respondent was privately admonished for failure to adequately communicate with a client in violation of SCR 3.130–1.4(a). On October 24, 2006, Respondent was given a second private admonition, again for failure to adequately communicate with a client in violation of SCR 3.130–1.4(a).

Following a consideration of the appropriate degree of disciplinary action regarding the present charge, sixteen members of the Board of Governors recommended a sixty-one day suspension with an order to pay restitution in the amount of $892.60 plus interest at 8% accruing from September 12, 2002. A single member of the Board recommended identical restitution, but with a suspension lasting 181 days.

This Court has carefully reviewed the matter, giving special consideration to Respondent's previous history of disciplinary action. The complaint against Respondent, when considered in conjunction with his prior disciplinary history, reveals a serious pattern of unfitness of an attorney. The remaining complaints likewise contain allegations of egregiously dishonest and neglectful conduct. We also cannot ignore Respondent's failure to properly respond to the present charge. For these reasons, we agree with the recommendation of the Board of Governors. *See Levy v. Kentucky Bar Association,* 950 S.W.2d 229 (Ky.1997) (attorney's failure to communicate with his clients or appear on their

behalf at scheduled court proceedings, which resulted in dismissal of their claim, warranted sixty-day suspension from the practice of law). Accordingly, it is hereby ORDERED as follows:

1) The temporary suspension imposed upon Respondent by order of this Court dated August 24, 2006 is dissolved as of the date of this order;

2) Respondent is suspended from the practice of law as defined by SCR 3.020 for a period of sixty-one days from date of this order;

3) Respondent is ordered to pay restitution to the clients in the amount of $892.60, plus 8% interest on said sum accruing from September 12, 2002 until paid;

4) Pursuant to SCR 3.390, Respondent shall, within ten days from the date of this Opinion and Order, notify all of his clients in writing of his inability to provide further legal services and shall furnish copies of such notification to the Director of the Kentucky Bar Association. Respondent is also ordered to provide such notification to all courts in which he has matters pending;

5) Pursuant to SCR 3.450, Respondent shall pay the costs associated with these proceedings, said sum being $221.19, for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE, SCHRODER, SCOTT, JJ., concur.

ABRAMSON, J., not sitting.

ENTERED: September 20, 2007.

/s/ Joseph E. Lambert

CHIEF JUSTICE