TO BE PUBLISHED

# Supreme Court of Kentucky

## 2007-SC-000344-KB

DATE 11-14-07 Sus A. Grauth D.C.

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                                    IN SUPREME COURT

IRVIN SCOTT JOHNS                                          RESPONDENT

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Irvin Scott Johns, who was admitted to the practice of law in Kentucky on October 2, 1998, whose member number is 87321, and whose last known bar roster address is 5296 Sanibelle Vista; Jeffersonville, Indiana 47130, be permanently disbarred from the practice of law. We agree with the Board's recommendation.

This case consolidates twelve separate charges (file numbers 12013, 12194, 12260, 12473, 12580, 12596, 12722, 12741, 12745, 12751, 12851, and 12998) filed with the Kentucky Bar Association. Each charge was served upon Johns through the Executive Director, as authorized by SCR 3.175(2); and Johns failed to file an answer to any of the charges. On February 13, 2007, the Inquiry Commission ordered the matters submitted to the Board as a default case under SCR 3.210(1).

The unethical behavior alleged in the charges demonstrates a pattern of misconduct in which Johns would accept representation of a client, accept an advance

payment of fee, fail to perform the agreed upon legal tasks, fail to communicate with the client, and fail either to surrender papers and property to which the client was entitled or to refund any unearned fee. We see no reason to describe Johns's misconduct in any greater detail.

The Board found Johns guilty of forty-eight separate violations of the Kentucky Rules of Professional Conduct: twelve counts of violating SCR 3.130(1.3) (failure to act with reasonable diligence and promptness in representing a client); twelve counts of violating SCR 3.130(1.4) (failure to keep a client reasonably informed or to promptly comply with reasonable requests for information); twelve counts of violating SCR 3.130(1.16(d)) (failure upon termination of representation to take steps to the extent reasonably practicable to protect a client's interests, such as surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); and twelve counts of violating SCR 3.130(8.1(b)) (failure to respond to a lawful demand for information from a disciplinary authority).

After considering Johns's misconduct in these consolidated matters and prior discipline,[1] the Board voted unanimously to recommend Johns's permanent disbarment from the practice of law. In reaching its decision and recommendation on penalty, the Board considered several Kentucky decisions in which this Court permanently disbarred an attorney after he or she was found guilty of engaging in a similar pattern of neglect and misconduct.[2] Johns made no request under SCR 3.370(8) that we review the

---

[1] Johns's prior discipline includes private admonition on June 7, 2001, for violation of SCR 3.130(1.16(d)) and suspension from practice of law on January 27, 2005, for non-payment of bar dues and non-compliance with continuing legal education requirements.

[2] See, e.g., Kentucky Bar Ass'n v. Adair, 203 S.W.3d 144, 145 (Ky. 2006) (warranted sanction was permanent disbarment for attorney misconduct involving failure to attend to client matters and failure to return unearned fees); Kentucky Bar Ass'n v. Scalf, 42 S.W.3d 622,

Board's recommendation, and we see no reason to initiate such a review. So under SCR 3.370(10), the decision of the Board is hereby adopted.

ACCORDINGLY, IT IS ORDERED THAT:

1)     Respondent, Irvin Scott Johns, is permanently disbarred from the practice of law;

2)     In accordance with SCR 3.450, Johns is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,656.95, and for which execution may issue from this Court upon finality of this Opinion and Order;

3)     Under SCR 3.390, Johns shall, within ten days from the entry of this Opinion and Order:

a)     to the extent possible, cancel and cease any advertising activities in which he is engaged; and

b)     notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of these letters of notice to the Executive Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: November 1, 2007.

CHIEF JUSTICE

623 (Ky. 2001) (warranted sanction was permanent disbarment for attorney misconduct in six client matters where attorney accepted money from clients to perform legal tasks but never performed the tasks or returned money).

3