**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Maxwell Lee HAMMOND, II, Respondent.**

**No. 2007–SC–000867–KB.**

Supreme Court of Kentucky.

Feb. 21, 2008.

**OPINION AND ORDER**

This matter against Respondent, Maxwell Lee Hammond, II,[1] involves ten default disciplinary cases, Kentucky Bar Association files 14622, 14633, 14659, 14700, 14701, 14706, 14712, 14714, 14723, and 14724. At the time of their joint consideration by the Board of Governors, Hammond was suspended from the practice of law for a period of five years. Upon consideration of the present charges, the Board recommends Hammond be permanently disbarred. Hammond has not re-

---

1. Hammond, KBA Member No. 85218, was admitted to the practice of law in the Commonwealth of Kentucky on April 29, 1994. His last known bar roster address is 660 South 7th Street, P. O Box 1500, Grayson, Kentucky 41143.

quested review of that decision pursuant to SCR 3.370(8). We agree with the Board's recommendation.

Each disciplinary case is addressed individually below. We note that, in each case, Hammond failed to respond to the bar complaint and failed to answer the charge.

### KBA File No. 14622

In 2003, Robert and Mary Denlinger retained Hammond to represent them in an action to recover damages for timber that was cut from their property without permission. Hammond filed a civil action and was involved in the case through trial. The result of the trial was favorable, and the Denlingers were awarded $14,284.20, plus attorney fees.

One of the defendants in the case, Billy Joe Meenach, filed a notice of appeal with the Kentucky Court of Appeals. Hammond told the Denlingers that he would represent them in the appeal. However, Hammond filed the Denlingers' response brief a day late and the Court of Appeals returned it to him as untimely. Hammond made no further effort to file a motion to file a late brief, or to have the brief otherwise filed in the record. Thereafter, the Court of Appeals issued an opinion reversing and remanding, holding that Meenach was not liable for the Denlingers' loss. Hammond did not inform the Denlingers of this development. For a period of three months after the dismissal, the Denlingers tried in vain to contact Hammond. He failed to respond to both telephone calls and letters.

The Inquiry Commission unanimously found Hammond guilty of the three counts contained in this file. Hammond violated SCR 3.130–1.3 when he failed to act with reasonable diligence in representing the Denlingers, particularly by failing to timely file a brief on their behalf in the Court of Appeals. He likewise violated SCR 3.130–1.4(a) by failing to keep the Denlingers reasonably informed about the status of their case, including his failure to advise them that their case had been dismissed and his failure to respond to their requests for updates on the case. Finally, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

### KBA File No. 14633

Robert Sexton retained Hammond to represent him in a divorce proceeding. He paid a flat rate of $645.00 to Hammond for "divorce and filing fees." Hammond prepared some documents for the divorce before Mr. Sexton was deployed to Iraq. During his deployment, Hammond informed Mr. Sexton's mother that the divorce would be final in mid-May of 2006. In fact, no petition was ever filed with the circuit court. Mr. Sexton discovered this when he returned to Kentucky in September of 2006. His payment of $645.00 was not returned to him.

The Inquiry Commission unanimously found Hammond guilty of all five counts contained in this file. Hammond violated SCR 3.130–1.3 by failing to file Mr. Sexton's divorce petition. By failing to keep Mr. Sexton informed about the actual status of his case, Hammond violated SCR 3.130–1.4(a). Hammond failed to protect his client's interests upon termination of representation, in violation of SCR 3.130–1.16(d), when he failed to return the unearned portion of the fee, and when he failed to return the unused filing fees paid by Mr. Sexton. Hammond accepted a flat fee for representation, failed to file the petition for divorce, falsely informed the client that the divorce would be finalized in May of 2006, and failed to return the unearned portion of the fee. All of these actions constitute a violation of SCR 3.130–8.3(c), as they demonstrate conduct involving dishonesty, fraud, deceit, or misrepre-

sentation. In addition, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

### KBA File No. 14659

Sarah Wilson retained Hammond to represent her in a civil matter involving the purchase of certain real property. Ms. Wilson had purchased a piece of property that was described as containing twenty-five acres, but after the purchase she discovered the property actually contained only thirteen and a half acres. Ms. Wilson made an advance payment of $350.00 to Hammond. She later made another payment of $160.00 for "court costs and filing fee." However, there is no record that Hammond ever filed a complaint on behalf of Ms. Wilson. He also did not respond to her repeated telephone calls.

On August 24, 2006, this Court temporarily suspended Hammond from the practice of law.[2] He sent a letter to Ms. Wilson informing her that he could no longer represent her. However, he thereafter failed to refund any of the advance payment or the fees collected from Ms. Wilson. Furthermore, despite a written demand from Ms. Wilson, Hammond failed to return her deeds and maps or any other items contained in her client file.

The Inquiry Commission unanimously found Hammond guilty of all five counts contained in this file. Hammond did not act with reasonable diligence in his representation of Ms. Wilson when he failed to file an action on her behalf, in violation of SCR 3.130–1.3. He did not keep Ms. Wilson informed of the status of her case and he failed to respond to her telephone calls, in violation of SCR 3.130–1.4(a). Hammond violated SCR 3.130–1.16(d) when he failed to return any portion of the advance payment and fees he collected from Ms. Wilson. In fact, he thereafter dealt with the funds as his own. In doing so, Hammond committed a criminal act reflecting adversely on his honesty, in violation of SCR 3.130–8.3(b). Finally, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

### KBA File No. 14700

Chad Adkins retained Hammond to represent him in a criminal matter, and made an advance payment of $1,250.00. The day before a scheduled pre-trial conference, Hammond mailed Mr. Adkins a letter informing him that he had been temporarily suspended from the practice of law and could no longer represent him. However, Mr. Adkins did not receive this letter before the pre-trial conference, and Hammond did not appear at the conference to explain the situation. Thereafter, Hammond failed to refund any of the advance payment to Mr. Adkins.

The Inquiry Commission unanimously found Hammond guilty of all four counts contained in this file. Hammond failed to appear in court on behalf of his client and failed to negotiate a consensual resolution to the criminal charges against Mr. Adkins, in violation of SCR 3.130–1.3. Hammond violated SCR 3.130–1.16(d) when he failed to return the unearned portion of Mr. Adkins' advance payment upon termination of representation. Hammond collected an advance payment from Mr. Adkins, but thereafter dealt with the funds as his own, rather than using the monies for legal fees or representation. These actions constitute criminal conduct reflecting adversely on Hammond's honesty, trustworthiness and fitness as a lawyer, in violation of SCR 3.130–8.3(b). Again, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

---

2. See *Inquiry Commission v. Hammond*, 198 S.W.3d 591 (Ky.2006).

### KBA File No. 14701

Hammond was retained to represent Dotty Lee on criminal charges of menacing. She paid him $750.00 for that representation. When the trial date arrived, the case was continued because the complaining witness was unavailable. The trial was rescheduled for September 27, 2006.

Hammond was temporarily suspended from the practice of law on August 24, 2006. Hammond failed to return any portion of Ms. Lee's advanced payment, even though he did not complete the representation. He also failed to return Ms. Lee's file, despite her requests and attempts to contact him.

The Inquiry Commission unanimously found Hammond guilty of the two counts contained in this file. Hammond violated SCR 3.130–1.16(d) when he failed to return the unearned portion of Ms. Lee's advance payment, and when he failed to return her client file, despite her request. He also violated SCR 3.130–8.1(b) when he failed to respond to this bar complaint.

### KBA File No. 14706

Hammond was retained to represent Marsha Gollihue on criminal charges pending in both Carter District Court and Boyd District Court. Ms. Gollihue agreed to Hammond's fee, and made a series of $400.00 payments between September, 2005 and February, 2006. The payments made by Ms. Gollihue totaled $3,600.00.

Hammond appeared on behalf on Ms. Gollihue in Carter District Court in August, 2005. Eventually, a trial date of August 30, 2006 was set. Meanwhile, Ms. Gollihue entered a not guilty plea in the Boyd District Court matter. However, Hammond failed to appear at a pre-trial conference scheduled for November 16, 2005. A notice was sent to Hammond rescheduling the conference for November 30, 2005. Both Hammond and Ms. Gollihue failed to appear at the re-scheduled conference. A bench warrant was issued against Ms. Gollihue.

On December 28, 2005, Hammond filed a motion to recall the bench warrant, which was granted. The matter was set for review on February 6, 2006. Hammond again failed to appear on this date. The court rescheduled the hearing for March 20, 2006, and ordered Hammond to notify the court within five days of any conflict. He did not notify the court of a conflict, but nonetheless failed to appear on March 20th. A trial date of August 31, 2006 was set.

On August 24, 2006, Hammond was temporarily suspended from the practice of law and could no longer represent Ms. Gollihue. At the August 31, 2006 trial date, the Boyd District Court was informed of the suspension and ordered Hammond to "return the fee charged to this Defendant." Hammond did not return any portion of the unearned fee to Ms. Gollihue, despite the fact that he did not complete his representation of her in Boyd District Court.

The Inquiry Commission unanimously found Hammond guilty of all five counts contained in this file. Hammond did not act with reasonable diligence when he repeatedly failed to appear in court on Ms. Gollihue's behalf, in violation of SCR 3.130–1.3. Hammond violated SCR 3.130–1.16(d) when he failed to return the unearned portion of Ms. Gollihue's advance payment upon termination of the representation. Hammond ignored two orders of the Boyd District Court: (1) the February 6, 2006 order requiring him to notify the court if he would not be present on March 20th; and (2) the order requiring him to refund Ms. Gollihue's fee payment. In doing so, he violated SCR 3.130–3.4(c). Hammond also violated SCR 3.130–8.3(b) when he failed to refund the unearned

portion of Ms. Gollihue's advance payments, despite his failure to complete the representation. Finally, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

### KBA File No. 14712

On June 20, 2005, Kristy Tackett retained Hammond to represent her on criminal charges in Carter District Court. On her date of arraignment, he was paid $750.00 for the representation. After requesting a continuance for the first pre-trial conference, Hammond thereafter failed to appear on the re-scheduled conference date.

Later, as the case proceeded towards trial, Hammond moved the court for a suppression hearing. The hearing was set for April 5, 2006, and Hammond appeared on that date and requested a continuance. Hammond failed to appear at the rescheduled suppression hearing, and the motion to suppress was overruled.

Hammond took no further action in the case before he was temporarily suspended on August 24, 2006. Though he did not complete the representation, Hammond did not refund any portion of the advance payment to Ms. Tackett.

The Inquiry Commission unanimously found Hammond guilty of all four counts contained in this file. Hammond violated SCR 3.130–1.3 when he failed to appear in court on several occasions, including the suppression hearing. He violated SCR 3.130–1.16(d) when he failed to return any of the advance payment fee to Ms. Tackett upon termination of the representation. Rather, Hammond dealt with that property as his own, which constitutes criminal conduct reflecting adversely on his honesty and trustworthiness in violation of SCR 3.130–8.3(b). Finally, Hammond violated SCR 3.130–8.1(b) in failing to respond to this bar complaint.

### KBA File No. 14714

Billy Clevenger retained Hammond to represent him in a land dispute. The action was against Mr. Clevenger's brother, Jackie, who had been living on his property for about two years. Mr. Clevenger believed that Jackie owed him rent for this period of time.

Mr. Clevenger paid Hammond $500.00 for this representation. Four months after this initial advance payment, Hammond sent a letter to Jackie requesting him to pay the back rent. Jackie did not respond, and Hammond filed a forcible detainer action in the Carter District Court. Jackie responded by filing a complaint to quiet title against Mr. Clevenger, arguing that he had told Jackie that his "rent" would be applied towards the purchase of the property. Mr. Clevenger paid Hammond an additional $500.00 to represent him in the title action. The Carter District Court stayed the detainer action pending resolution of the title action. Hammond completed representation in the title action, though it was resolved in Jackie's favor.

Later, Hammond filed a one-sentence motion to reconsider, alter or vacate the judgment, citing no legal authority. The motion was denied. Though the certificate of service on that motion stated that a copy was sent to opposing counsel on April 25, 2005, the envelope was not postmarked until May 6, 2005. The motion was noticed to be heard on May 2, 2005, though Hammond failed to appear in court on that date.

In June, 2005, Mr. Clevenger paid Hammond another $500.00 to represent him in an appeal of the title action. Hammond filed a notice of appeal, but thereafter failed to file a pre-hearing statement. On November 14, 2005, the Court of Appeals entered a show cause order requiring a response within twenty days. Hammond failed to respond, and the Court of Appeals

dismissed the appeal on March 20, 2006. Hammond was also ordered to show cause why he should not be held in contempt.

On April 7, 2006, Hammond filed a motion for an extension of time to respond to the show cause order. He tendered the response on April 13, 2006. The Court of Appeals granted the motion for an extension of time on May 9, 2006, and Hammond tendered the response on that date. Ultimately, he was not found in contempt.

When Hammond was temporarily suspended from the practice of law on August 24, 2006, he was unable to continue his representation of Mr. Clevenger. However, he did not refund any portion of the unearned advance payment.

The Inquiry Commission unanimously found Hammond guilty of all three counts contained in this file. Hammond violated SCR 3.130–1.3 when he failed to file an appropriate motion to reconsider in the Carter Circuit Court action, when he failed to properly serve opposing counsel in that matter, and when he failed to file a prehearing statement in the appeal. He violated SCR 3.130–1.16(d) when he failed to return any portion of the advance payment for the appeal upon termination of representation. Finally, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

### KBA File No. 14723

Cheryl Estep retained Hammond to represent her on criminal charges in Carter Circuit Court. She gave Hammond her 2001 Mercury Cougar as a fee for representation on that matter. The car is valued at $6,675.00; however, it was never transferred to Hammond's name.

Ms. Estep was arraigned on April 3, 2006, and Hammond successfully moved the court to reduce Ms. Estep's surety bond. A preliminary hearing was set for April 10, 2006. Hammond failed to appear and the matter was bound over to the grand jury. An indictment was issued on September 20, 2006.

By that time, Hammond had been temporarily suspended from the practice of law. He thereafter refused to return Ms. Estep's car. Though she has reported the matter to the County Attorney, no criminal charges have been issued as of yet.

The Inquiry Commission unanimously found Hammond guilty of all three counts contained in this file. Hammond failed to return Ms. Estep's car, or any dollar amount representing the unearned portion of his fee, in violation of SCR 3.130–1.16(d). By refusing to return the car, though he was unable to complete the representation, Hammond committed a criminal act that reflects adversely on his honesty and trustworthiness, in violation of SCR 3.130–8.3(b). Finally, Hammond violated SCR 3.130–8.1(b) by failing to respond to this bar complaint.

### KBA File No. 14724

Paul Branham retained Hammond to represent him on criminal charges. He agreed to pay a flat rate of $2,500.00 for the representation. Hammond appeared in court on Mr. Branham's behalf and successfully moved the court to reduce the bond. Shortly thereafter, however, Hammond was temporarily suspended from the practice of law and was unable to complete the representation. At that point, Mr. Branham had paid Hammond $825.00 of the flat rate. Hammond did not return any portion of that fee, and Mr. Branham later filed a complaint with the KBA.

Upon review, the KBA determined that Hammond had, in fact, earned that portion of the fee which Mr. Branham had already paid. However, Hammond nonetheless failed to respond to the bar complaint. In so doing, the Inquiry Commission unani-

mously found Hammond guilty of violating SCR 3.130–8.1(b).

*Conclusions*

In determining the appropriate degree of disciplinary action regarding the present charges, the Board of Governors considered Hammond's disciplinary history. Hammond has been privately admonished on three occasions—twice for his failure to adequately communicate with his clients, and once for his failure to protect his clients' interests upon termination of representation. As stated above, Hammond was temporarily suspended from the practice of law on August 24, 2006. That suspension arose from ten (10) then-pending KBA complaints alleging that Hammond had misappropriated client funds. On September 20, 2007, this Court considered one of the pending KBA complaints and determined that Hammond had violated SCR 3.130–1.3, SCR 3.130–1.4(a), and SCR 3.130–1.16(d). *See KBA v. Hammond,* 232 S.W.3d 529 (Ky.2007). The temporary suspension was lifted, and Hammond was given a 61–day suspension. On December 20, 2007, this Court considered six of the pending KBA complaints. Finding a serious pattern of misconduct, he was suspended for a period of five years. *See KBA v. Hammond,* 241 S.W.3d 310 (Ky., 2007).

Over a period of about three ·years, Hammond has clearly demonstrated his untrustworthiness, dishonesty, and unfitness as an attorney. Despite the disciplinary actions taken by the KBA, Hammond has been unable to conform to the ethical rules of conduct. Under the circumstances of this case, we agree with the Board of Governors' recommendation to permanently disbar Hammond from the practice of law. *Cf. KBA v. Johns,* 236 S.W.3d 610 (Ky.2007). We also note that Hammond made no request for review of the Board's recommendation pursuant to

SCR 3.370(8), and this Court finds no reason to initiate such review.

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Maxwell Lee Hammond, II, KBA Member No. 85218, is hereby permanently disbarred from the practice of law;

2. In accordance with SCR 3.450, Hammond is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $2,416.58, and for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.390, Hammonds shall, within ten (10) days from the entry of this Opinion and Order: (a) cancel and cease any advertising activities in which he is engaged to the extent possible; (b) notify all clients, in writing, of his inability to represent them; (c) notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and (d) furnish copies of these letters of notice to the Executive Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: February 21, 2008.

/s/ Joseph E. Lambert
Chief Justice