TO BE PUBLISHED

# Supreme Court of Kentucky

2008-SC-000523-KB
AND
2009-SC-000094-KB



KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


BRENTLEY P. SMITH                                    RESPONDENT


## OPINION AND ORDER


The Respondent, Brentley P. Smith, was admitted to practice law in the Commonwealth of Kentucky on October 16, 1992 (Bar Membership No. 84463). His bar roster address is 6008 Rodes Ct., Louisville, Kentucky, 40222. This Court was considering four consolidated disciplinary cases against the Respondent (2008-SC-000523-KB) when the Board of Governors of the Kentucky Bar Association filed an additional eight consolidated disciplinary cases against the Respondent (2009-SC-000094-KB). This Court *sua sponte* consolidated the cases for one opinion and order. We agree with the Board's recommendation of permanent disbarment of the Respondent.

In the first case (2008-SC-000523-KB), the Board of Governors met on June 17, 2008, to hear four default disciplinary cases against Respondent.[1] The four cases were consolidated. After the Board made findings of fact and conclusions of law, the Board recommended a one year suspension.[2] This Court deemed the recommendation insufficient and issued a "Notice of Review" pursuant to SCR 3.370(9), and ordered briefing. The KBA filed a brief but the Respondent defaulted.

In the second case (2009-SC-000094-KB), the Board of Governors met on January 16, 2009, to hear eight default disciplinary cases against the Respondent.[3] The eight cases were consolidated. After the Board made findings of fact and conclusions of law, the Board recommended permanent disbarment.[4] The eight consolidated cases are before this Court pursuant to SCR 3.370(10) wherein no notice of review has been requested by either party or the Court. Under said rule, if the Court agrees with such disciplinary recommendation, it shall enter an order adopting the decision of the Board relating to all matters. This Court's records indicate the Respondent has filed no response to the Movant's "Findings of Fact, Conclusions of Law, and Recommendation of the Board of Governors of the Kentucky Bar Association." Therefore, we adopt its findings as our own in the eight consolidated cases. We also adopt the Board's findings and conclusions in the first four consolidated

---

[1] KBA file nos. 13856, 13879, 13940, and 15484.

[2] Entered July 21, 2008.

[3] KBA file nos. 15747, 15992, 16115, 16149, 16232, 16410, 16445, and 16608.

[4] Entered February 18, 2009.

cases. To describe, even in summary, the facts of all twelve disciplinary cases would unnecessarily duplicate the record, especially in light of the default nature of these matters. Suffice it to say that the unethical behavior demonstrates a pattern of misconduct in which Smith would accept representation, accept an advance payment of a fee, fail to perform the legal duties to bring the cases to a conclusion, fail to communicate with the clients, fail to be truthful with the clients, fail to return unearned fees, and fail to return files.

The Board's written findings in both consolidated cases show a vote by the Board finding Smith guilty of forty separate violations of the Kentucky Rules of Professional Conduct (SCR 3.130):[5] 1.1 (competence) one count; 1.3 (diligence) five counts; 1.4 (communication) eleven counts; 1.5 (fees) one count; 1.15 (safekeeping property) three counts; 1.16(d) (failure to protect clients interest on termination of representation) four counts; 5.5 (unauthorized practice of law and assisting unauthorized practice) two counts; 8.1(b) (failure to respond to a lawful request from a disciplinary authority) six counts; 8.3(b) (committing a criminal act) two counts; 8.3(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) five counts.

Smith has been previously disciplined. He was privately admonished in February 2006 for violations of SCR 3.130-3.4(c) and SCR 3.130-8.1(b) for his failure to respond to a lawfully issued subpoena *duces tecum*, authorized by

---

[5] The Board's findings do not list any votes for case nos. 16149 and 16608, but its "Recommendation" indicates Smith was found guilty of all the counts in all eight cases (for a total of 48 violations).

the Inquiry commission, demanding that he produce a client file in connection with the investigation of a bar complaint. Smith was privately admonished again in April 2006 for violating SCR 3.130-8.1(b), by failing to respond in any way to a bar complaint, despite having been personally served by the sheriff with both the complaint itself and a reminder letter seeking a response. On January 31, 2008, this Court entered an Order suspending Respondent's license to practice law for non-compliance with minimum CLE requirements. The Board recommended a one year suspension in the first four cases (2008-SC-000523-KB). This Court issued a "Notice of Review" pursuant to SCR 3.370(9). While the case was pending the Board voted on the subsequent eight cases (2009-SC-000094-KB) and recommended permanent disbarment. Smith made no request for review under SCR 3.370(8). Therefore, under SCR 3.370(10) we adopt the recommendation of the Board as to the subsequent eight cases. In light of the fact that permanent disbarment is the maximum penalty this Court can impose, the findings in 2008-SC-000523-KB are added to the justification for disbarment in 2009-SC-000094-KB.[6]

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Brentley P. Smith, is permanently disbarred from the practice of law in this Commonwealth;

---

[6] For a similar case, consolidating twelve cases with a total of 48 separate violations warranting permanent disbarment, see Kentucky Bar Association v. Johns, 236 S.W.3d 610 (Ky. 2007).

2. Respondent, in accordance with SCR 3.390, shall notify all Courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar matters, of his inability to continue representation;

3. Respondent shall immediately cancel and cease any advertising activities in accordance with SCR 3.390;

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $1,119.43 for case no. 2008-SC-000523-KB, and $2,375.65 for case no. 2009-SC-000094-KB, for a total sum of $3,495.08, for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: May 21, 2009.

CHIEF JUSTICE