**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Donald H. MOREHEAD, KBA Member**
**No. 90170, Respondent.**

**No. 2011–SC–000608–KB.**

Supreme Court of Kentucky.

Feb. 23, 2012.

### *OPINION AND ORDER*

Respondent, Donald H. Morehead, was admitted to the practice of law on April 20, 2004.  His Bar roster address is 811 South Second Street, Louisville, Kentucky 40203, and his Bar membership number is 90170. Morehead was charged with four allegations of misconduct contained in KBA File No. 19079.  He failed to respond to the KBA Bar Complaint and to a reminder letter.  The Board of Governors consequently reviewed the case as a default

---

**2.** *North Carolina v. Alford,* 400 U.S. 25, 91     S.Ct. 160, 27 L.Ed.2d 162 (1970).

matter, pursuant to SCR 3.210(1), and made its recommendations to this Court. We concur with the Board's recommendations.

The charge against Morehead stems from his representation of Rita F. Stevens in the United States District Court for the Western District of Kentucky. The defendant in that civil action filed a motion for summary judgment on January 20, 2010, the response to which was due on February 22, 2010. Morehead informed Ms. Stevens of this deadline in an email dated January 28, 2010.

Morehead failed to file a response before February 22, 2010, though he requested and was granted a ten-day extension. However, he also failed to file a response by the extended due date. He sent Ms. Stevens emails after this date, though he failed to inform her of the passage of the deadline to file a response.

Finally, on April 23, 2010, Morehead filed a response to the motion for summary judgment, though without filing a motion for enlargement of time to do so. The United States District Court granted the defendant's motion for summary judgment on May 10, 2010 and dismissed the action with prejudice. Ms. Stevens sent several emails over the next few weeks to Morehead, none of which he responded to. In July of 2010, Ms. Stevens learned that Morehead was no longer at his former office location and that the case had been resolved against her. She subsequently filed a Bar Complaint.

The Inquiry Commission issued a four-count Charge against Morehead. Count I alleged a violation of SCR 3.130–1.3 for his failure to act with reasonable diligence and promptness in representing Ms. Stevens. Count II alleged a violation of SCR 3130–1.4(a)(3) for his failure to keep Ms. Stevens reasonably informed about the status of the matter. Count III alleged a violation of SCR 3.130–1.4(a)(4) for his failure to promptly comply with his client's reasonable requests for information. Finally, Count IV alleged a violation of SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information from the disciplinary authority.

The Board of Governors reviewed the record and found Morehead, by a vote of 18–0, guilty of all four Counts contained in KBA File No. 19079. After finding Morehead guilty, the Board further considered his prior disciplinary history. He was suspended on March 7, 2011 for failing to pay Bar dues for 2010–2011. By another vote of 18–0, the Board recommended a sixty-one-day suspension and that Morehead pay all costs associated with the proceedings against him.

This Court has not received a notice of review pursuant to SCR 3.370(8) and declines to issue such notice on its own motion. Therefore, the Court adopts the decision of the Board of Governors.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Donald H. Morehead, KBA Member No. 90170, is hereby adjudged guilty as charged in KBA File No. 19079.

2. Respondent is hereby suspended from the practice of law for a period of sixty-one days, effective as of the date of this Opinion and Order.

3. Respondent shall, pursuant to SCR 3.390, notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel by letter duly placed in the United States mail within ten days of the date of this order. He shall simulta-

neously provide a copy of all such letters to the Director of the Kentucky Bar Association.

4. Respondent shall, pursuant to SCR 3.390, to the extent possible and necessary, immediately cancel and cease any advertising activities in which he is engaged.

5. Respondent shall pay the costs of these proceedings in the sum of $716.57, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 23, 2012.

/s/ John D. Minton, Jr.
　　Chief Justice