**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Donald H. MOREHEAD KBA Member No. 90170, Respondent.**

**No. 2012–SC–000140–KB.**

Supreme Court of Kentucky.

May 24, 2012.

## OPINION AND ORDER

The Kentucky Bar Association ("KBA") recommends disciplinary action against Respondent, Donald H. Morehead. Morehead was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2004. His KBA Member No. is 90170, and his Bar roster address is 811 S.2d Street, Louisville, KY 40203. His alternate address is 5237 Craigs Creek Drive, Louisville, KY 40241.

### KBA File 19043

On August 20, 2008, Morehead filed an entry of appearance to represent Ms. Raphine Harvey in a civil action (Case No. 07–CI–1436) in Christian Circuit Court. Ms. Harvey paid Morehead a retainer fee of $4,924.88. Almost two years later, on May 26, 2010, Morehead filed a motion to withdraw as counsel for Ms. Harvey. He filed no other pleadings or motions. After Morehead's withdrawal, Ms. Harvey retained replacement counsel, but Morehead did not return or otherwise account for any of the retainer paid by Ms. Harvey. As a result, Ms. Harvey filed a Bar Complaint on August 16, 2010.

Attempts to serve the Bar Complaint on Morehead were unsuccessful. The Complaint was mailed to his Bar roster address, but returned signed for by someone other than Morehead. Service was also attempted by the sheriff, but Morehead

could not be located. The Executive Director mailed a copy of the Complaint to Morehead's Bar roster address on November 24, 2010, but the mailing was returned unclaimed. The Executive Director's reminder letter was also mailed to Morehead's Bar roster address and returned as unclaimed. Morehead did not respond to the Complaint.

On October 26, 2011, the Inquiry Commission of the KBA charged Morehead with four violations of the Kentucky Rules of Professional Conduct in connection with KBA File 19043. Count I charged him with violation of SCR 3.130–1.3 for failing to act with reasonable diligence; Count II charged him with violation of SCR 3.130–1.16(d) for failing to return an unearned fee at termination of representation; Count III charged him with violation of SCR 3.130–3.4(c) for failing to maintain a current Bar roster address; and Count IV charged him with violation of SCR 3.130–8.1(b) for failing to respond to the Bar Complaint.

### KBA File 19154

On April 21, 2010, Morehead was retained by Mr. Tristian Barnes for a fee of $350. Mr. Barnes sought to have several minor criminal and traffic offenses expunged from his record. Mr. Barnes attempted to call Mr. Morehead over the next two months, but could not get in touch with him until June. In that conversation, Morehead said he would refund the fee and "readdress the issue." Over the next several weeks, Mr. Barnes left four messages for Morehead, but he never responded. Morehead did not provide Mr. Barnes with any information about the statutory requirements for expungement, nor did he advise him as to whether any of his offenses were eligible under the statute. As a result, Mr. Barnes filed a Bar Complaint on September 27, 2010.

On October 25, 2010, the Bar Complaint was mailed to Morehead at his Bar roster address, but was returned signed for by someone other than Morehead. However, the Complaint was served on Morehead on March 1, 2011 by the Executive Director and was signed for by Morehead on March 17, 2011. A reminder letter was sent to Morehead on May 2, 2011, since no response had been filed to the Complaint. This letter was returned unclaimed and no response to the Complaint was ever filed.

On October 26, 2011, the Inquiry Commission of the KBA charged Morehead with four violations of the Kentucky Rules of Professional Conduct in connection with KBA File 19154. Count I charged him with violation of 3.130–1.4(b) for failing to explain the matter to the extent necessary for an informed client decision regarding representation; Count II charged him with violation of SCR 3.130–1.5(a) for charging an unreasonable fee; Count III charged him with violation of SCR 3.130–1.16(d) for failing to return an unearned fee; and Count IV charged him with violation of SCR 3.130–8.1(b) for failing to respond to the Bar Complaint.

### KBA File 19806

On February 17, 2011, Morehead was retained by Ms. Sheila Ensminger to represent her in an action in Oldham Circuit Court (Case No. 10–CR–l 19) for a fee of $10,000. Ms. Ensminger paid Morehead $1,000 on February 17, 2011 and an additional $5,000 on March 4, 2011. Three days later, on March 7, 2011, Morehead was suspended from the practice of law for nonpayment of bar dues. He was also directed to notify his clients within ten (10) days that he could no longer represent them and of the need for them to obtain new counsel.

On March 19, 2011, Ensminger received a letter from Morehead explaining his

suspension. She contacted him the same day and was told that he would still be able to go to court with her on April 7, 2011 and June 2, 2011. Morehead contacted Ensminger on March 23, 2011 and again assured her that he would be able to represent her. However, Morehead did not appear at the hearing on April 7, 2011, nor respond to several phone calls from Ms. Ensminger placed between March 23 and April 14, 2011. On April 14, 2011, she wrote him asking about the status of his suspension and informing him that she did not want to go to court alone again. She also explained that, if he could not represent her, he should refund her fee. She wrote him again on April 28, 2011, dismissing him as her lawyer and requesting that he return the fees she had paid. Morehead did not respond to either letter. As a result, Ms. Ensminger filed a Bar Complaint on April 25, 2011.

The Bar Complaint was mailed to Morehead at his Bar roster address, but again was returned signed for by someone else. On June 6, 2011, the Executive Director effected service at the Bar roster address and an alternate address. The mailing sent to the Bar roster address was returned, but the alternate address mailing was signed for by Morehead on June 7, 2011. However, after numerous reminder letters sent to both addresses, no response to the Complaint was filed.

On October 26, 2011, the Inquiry Commission of the KBA charged Morehead with five violations of the Kentucky Rules of Professional Conduct in connection with KBA File 19806. Count I charged him with violation of SCR 3.130–1.4(a)(4) for failing to promptly comply with reasonable requests for information; Count II charged him with violation of SCR 3.130–1.16(d) for failing to protect client interests and failing to return an unearned fee;

Count III charged him with violation of SCR 3.130–3.4(c) for failing to maintain a current address at which he could be communicated with by mail; Count IV charged him with violation of SCR 3.130–8.1(b) for failing to respond to the Bar Complaint; Count V charged him with violation of SCR 3.130–8.4(c) for providing his client false or misleading information about his ability to continue to represent her.

### KBA File 19807

On August 21, 2008, Morehead was retained by Mr. Paul Coleman to represent him in a civil rights lawsuit in Hopkinsville, Kentucky against a restaurant and one of its employees. A contingency fee agreement was signed, calling for a $1,500 retainer. However, Mr. Coleman claimed that he paid Morehead $2,500 to "sustain" his representation. Mr. Coleman's narrative statement, as well as those of two witnesses, said that the incident involved in the civil rights claim occurred on October 25, 2007. However, Morehead filed a complaint in the United States District Court on August 31, 2009, alleging that the incident occurred on August 31, 2008. The District Court found that the uncontroverted evidence showed that the individual defendant had been terminated on August 8 or 9, 2008. Accordingly, on December 22, 2010, the District Court granted the restaurant's motion for summary judgment based on a statute of limitations defense.

Mr. Coleman stated that he had no problems with Morehead until January of 2011, when Morehead "disappeared with no explanation." Mr. Coleman was unable to contact him: for the following three months and then learned that Morehead had been suspended from the practice of law. There is no evidence that Morehead sent Mr. Coleman any notice of the suspension. It also appears that Mr. Coleman was unaware that the District Court

had granted the motion for summary judgment. Mr. Coleman filed a Bar Complaint on April 14, 2011.

Just as in the other files, the Bar Complaint was mailed to Morehead at his Bar roster address, but was returned signed for by someone other than Morehead. The Complaint was then served on Morehead by the Executive Director at an alternate address on June 6, 2011, and was returned signed for by Morehead on June 7, 2011. Again, numerous reminder letters were sent to both Morehead's Bar roster address and alternate address, but no response to the Complaint was filed.

On October 26, 2011, the Inquiry Commission of the KBA charged Morehead with four violations of the Kentucky Rules of Professional Conduct in connection with KBA File 19807. Count I charged him with violation of SCR 3.130–1.4(a)(4) for failing to promptly comply with reasonable requests for information; Count II charged him with violation of SCR 3.130–1.16(d) for failing to inform the client of his suspension and provide the client file; Count III charged him with violation of SCR 3.130–3.4(c) for failing to maintain a current address at which he could be communicated with by mail; Count IV charged him with violation of SCR 3,130–8.1(b) for failing to respond to the Bar Complaint.

Service of each of the charges listed above was made by the Executive Director on October 26, 2011, using Morehead's Bar roster address and alternate address. Each of the mailings to the Bar roster address were returned, as well as each of the mailings to the alternate address, except for the two relating to the charges contained in KBA Files 19043 and 19807. Both of those mailings to the alternate address were signed for by Morehead. Reminder letters for each of the charges were sent to Morehead on November 29, 2011, none of which were returned. Morehead did not tender an answer to any of the charges.

## Recommended Discipline

Having received no response from Morehead, each of these matters came before the Board of Governors on January 20, 2012, as a default case pursuant to SCR 3.210(1). For clarity, these files are combined for this Opinion and Order.

The Board considered the charges set forth in KBA File 19043 and found Morehead guilty of all four counts. The Board then considered the charges set forth in KBA File 19154 and found Morehead guilty of Counts I, III, and IV, but not guilty of Count II. Next, the Board considered the charges set forth in KBA File 19806 and found Morehead guilty of all five counts. Lastly, the Board found Morehead guilty of all four counts contained in KBA File 19807.

The Board also noted Morehead's prior disciplinary proceedings. He was suspended on March 7, 2011 for failure to pay bar dues. This Court also issued an order on February 23, 2012, suspending him from the practice of law for 61 days due to violations of diligence, communication, and failure to respond to a Bar Complaint. As a result of his prior disciplinary record and the above-mentioned violations, the Board recommends by a vote of 14–2 that Respondent be suspended from the practice of law in Kentucky for five (5) years. The Board unanimously recommends that Respondent be required to reimburse the complaining clients in KBA Files 19043, 19154, and 19806, as well as pay the costs of these disciplinary proceedings.

Notice has not been filed, pursuant to SCR 3.370(8), for this Court to review the Board's decision, nor do we elect to review the decision pursuant to SCR 3.370(8). Therefore, pursuant to SCR 3.370(9), we

adopt the decision of the Board and hereby ORDER that:

(1) Respondent, Donald H. Morehead, KBA Member No. 90170, is hereby found guilty of violating SCR 3.130–1.3; SCR 3.130–1.16(d); SCR 3.130–3.4(c); SCR 3.130–8.1(b); SCR 3.130–1.4(b); SCR 3.130–1.5(a); SCR 3.130–1.4(a)(4); and SCR 3.130–8.4(c).

(2) Morehead is hereby suspended from the practice of law in this Commonwealth for five (5) years, effective ten (10) days after the issuance of this Order, pursuant to SCR 3.390(a).

(3) Morehead is directed to reimburse the complaining clients in KBA File 19043 ($4,924.88); KBA File 19154 ($350.00); and KBA File 19806 ($6,000.00).

(4) In accordance with SCR 3.390, Morehead shall promptly take all reasonable steps to protect the interests of his clients, including, within ten (10) days after the issuance of this order, notifying all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel, and notifying all courts or other tribunals in which he has matters pending. Morehead shall also simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel.

(5) Morehead shall promptly return to his clients or former clients any requested files or materials he has in his possession.

(6) In accordance with SCR 3.390, Morehead shall immediately cancel any pending advertisements and terminate any advertising activity for the duration of his suspension; nor shall he allow his name to be used by a law firm in any manner.

(7) In accordance with SCR 3.390, Morehead shall not, during the term of his suspension, accept new clients or collect unearned fees.

(8) In accordance with SCR 3.450, Morehead is directed to pay costs of $1,314.93 associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
 CHIEF JUSTICE