KENTUCKY BAR ASSOCIATION,
Movant

v.

Donald H. MOREHEAD, KBA Member
No. 90170, Respondent.

No. 2012–SC–000401–KB.

Supreme Court of Kentucky.

April 25, 2013.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) recommends the permanent disbarment of Respondent, Donald H. Morehead. Morehead was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2004. His KBA Member No. is 90170, and his Bar roster address is 811 S. 2nd Street, Louisville, KY 40203.

Having received no response from Morehead, each of these matters came be-fore the Board of Governors on May 18, 2012, as a default case pursuant to SCR 3.210(1). For clarity, the files are combined for this Opinion and Order.

### KBA File 19652

Morehead accepted $4,100 towards a total fee of $6,000 from a client in early February of 2011. He was subsequently suspended by this Court from the practice of law for the non-payment of dues on March 7, 2011. Morehead did not provide services due to his suspension, yet failed to refund any portion of the fee to the client. He also failed to update his Bar roster address or respond to the Bar complaint.

The Board of Governors considered the charges and unanimously found that Morehead had violated SCR 3.130–1.16(d); SCR 3.130–3.4(c); and SCR 3.130–8.1(b).

### KBA File 19688

Morehead was retained in a child custody matter for a fee of $5,000. For a period of fifteen months in 2010 through the spring of 2011, there were no hearings scheduled in the matter. In fact, Morehead never entered any appearance in the client's case, never attended a hearing, and filed no responsive pleadings to pending motions adverse to his client. Further, after his suspension on March 7, 2011, he rendered legal advice to his client via text message. He also advised the client to take a day off from work to attend a non-existent hearing.

The Board of Governors unanimously found Morehead guilty of the following six counts: failure to act with reasonable diligence, in violation of SCR 3.130–1.3; failure to return an unearned fee, in violation of SCR 3.130–1.16(d); failure to maintain a current Bar roster address, in violation of SCR 3.130–3.4(c); engaging in the unauthorized practice of law, in violation of SCR 3.130–5.5(a); failure to respond to a

lawful demand from the disciplinary authority, in violation of SCR 3.130–8.1(b); and engaging in conduct involving fraud, dishonesty, deceit or misrepresentation, in violation of SCR 3.130–8.4(c).

## KBA File 19918

A client hired Morehead to represent her husband in a matter before the Jefferson Circuit Court. As partial payment of the $6,000 fee, Morehead accepted an automobile. He thereafter made several trips to the client's home and place of work to collect additional payments towards the fee. Yet, he took no action to pursue the desired course of resolution of the client's matter. He filed no motions and attended only two pre-trial conferences.

A week after his March 7, 2011 suspension, Morehead received the vehicle registration notice for the automobile he had accepted as a fee from the client. He failed to have the vehicle transferred into his own name after taking possession, causing the client to suffer fees and aggravation of the registration process without the benefit of possessing the automobile.

For his failure to ensure that the automobile was properly registered, the Board of Governors unanimously determined that Morehead had used means that have no substantial purpose other than to burden a third party, in violation of SCR 3.130–4.4(a). The Board also unanimously concluded that he failed to maintain a current Bar roster address, in violation of SCR 3.130–3.4(c); failed to respond to a lawful demand from the disciplinary authority, in violation of SCR 3.130–8.1(b); and failed to return an unearned fee, in violation of SCR 3.130–1.16(d).

## KBA File 19956

Morehead was retained by the plaintiff in a medical malpractice matter which involved the amputation of the client's leg. During the course of the representation, he failed to appear regarding a defense motion to compel, failed to comply with the circuit court's discovery orders, and failed to identify his expert witnesses. At a subsequent hearing regarding the defendant's motion to strike the plaintiff's expert witness disclosure, Morehead again failed to appear.

On the day of trial, a conference was held and the court determined that Morehead had failed to comply with several pre-trial procedures and other court orders. These orders related to discovery requests, jury instructions, the deposition of an expert witness, and the itemization of unliquidated damages.

The Board of Governors unanimously found that Morehead had violated SCR 3.130–1.1 by failing to competently represent his client. They also unanimously found Morehead guilty of violating SCR 3.130–1.4(a)(4) for his knowing failure to comply with the circuit court's orders, and of violating SCR 3.130–8.1(b) for his failure to respond to a lawful demand from the disciplinary authority.

## KBA File 20054

Morehead was retained to represent a client as a plaintiff in a medical malpractice action. The contract provided for a $5,000 retainer to be billed at $125 per hour. For seven months, Morehead failed to communicate with his client despite the client's repeated attempts to contact him. Thereafter, the client learned that Morehead had moved his office.

Later, Morehead left a message with the client regarding a July 12, 2010 filing deadline, but advised the client that he would file the civil suit in August. Depositions were scheduled for February, 2011, but were twice postponed by Morehead to March, then April. Finally, he informed

his client of his March 7, 2011 suspension from the practice of law. He did not provide his client with the materials in his possession relating to the case, nor did he refund any of the $5,000 retainer. On October 12, 2011, the circuit court granted summary judgment in favor of the defendant. Morehead's failure to meet and comply with the statute of limitations resulted in the summary judgment.

The Board unanimously found Morehead guilty of the following four counts: failure to comply with reasonable requests for information, in violation of SCR 3.130–1.4(a)(4); failure to protect the client's interest at termination of the representation by not returning unearned fees, in violation of SCR 3.130–1.16(d); failure to respond to a lawful demand from the disciplinary authority, in violation of SCR 3.130–8.1(b); and disobeying the rules of a tribunal by failing to maintain a current address, in violation of SCR 3.130–3.4(c).

### Recommended Discipline

The Board noted Morehead's prior disciplinary proceedings. He was suspended on March 7, 2011, for failure to pay dues. This Court also issued an order on February 23, 2012, suspending him from the practice of law for sixty-one (61) days due to violations of diligence, communication, and failure to respond to a Bar complaint. *See Kentucky Bar Ass'n v. Morehead,* 361 S.W.3d 318 (Ky.2012). On March 24, 2012, he was suspended from the practice of law for a period of five (5) years for numerous violations involving lack of diligence, failure to return unearned fees, and failure to respond to Bar complaints. *See Kentucky Bar Ass'n v. Morehead,* 365 S.W.3d 552 (Ky.2012).

As a result of his prior disciplinary record and the above-mentioned violations, the Board unanimously recommends that Morehead be permanently disbarred from the practice of law. The Board further unanimously recommends that he be required to pay restitution to his clients in the amount of $17,557.85.

Notice has not been filed, pursuant to SCR 3.370(8), for this Court to review the Board's decision, nor do we elect to review the decision pursuant to SCR 3.370(8). We note that permanent disbarment has been the sanction in other cases involving long-term patterns of similar misconduct. *See Kentucky Bar Ass'n v. Smith,* 283 S.W.3d 738 (Ky.2009). However, SCR 3.380 does not permit this Court to order restitution in disciplinary actions that result in permanent disbarment. *See Kentucky Bar Association v. Chesley,* 393 S.W.3d 584, 602 (Ky.2013). Therefore, pursuant to SCR 3.370(9), we hereby ORDER that:

(1) Donald H. Morehead, KBA Member No. 90170, is guilty of all charges contained in KBA File Nos. 19652, 19688, 19918, 19956 and 20054;

(2) Morehead is permanently disbarred from the practice of law in Kentucky, commencing on the date of the entry of this Order, and thus may never apply for reinstatement to the Bar under the current rules;

(3) Under SCR 3.450, Morehead shall pay all costs associated with this disciplinary proceeding, in the amount of $1,763.26, for which execution may issue from this Court upon finality of this Opinion and Order; and

(4) Under SCR 3.390, within ten (10) days of the entry of this order, Morehead shall notify all clients, in writing, of his inability to represent them; notify all courts in which he has matters pending of his disbarment from the practice of law in Kentucky; and furnish copies of said letters to the Office of Bar Counsel. And to the extent possible, More-

head shall immediately cancel any pending advertisements and shall terminate any advertising activity, if any.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. KELLER, J., not sitting.

ENTERED: April 25, 2013.

/s/ John D. Minton, Jr.