KENTUCKY BAR ASSOCIATION, Movant

v.

Maxwell Lee HAMMOND, II, Respondent.

No. 2007–SC–000627–KB.

Supreme Court of Kentucky.

Dec. 20, 2007.

## *OPINION AND ORDER*

LAMBERT, Chief Justice.

This matter against Respondent, Maxwell Lee Hammond, II,[1] involves seven default disciplinary cases: KBA files 13079, 13264, 13597, 13633, 13862, 13873, and 14012. At the time of their joint consideration by the Board of Governors on May 18, 2007, Hammond was temporarily suspended from the practice of law when this Court determined that probable cause existed to believe that the Respondent had misappropriated client funds. Upon consideration of the present charges, the Board recommends Hammond's suspension from the practice of law for five years, and he has not requested review of that decision pursuant to SCR 3.370(8). We agree with the Board's recommendation.

Each disciplinary case is addressed individually below.

### *KBA File No. 13079*

On August 20, 2004, Georgia S. McBratney retained Hammond to represent her

in one or more criminal matters. Hammond was paid $2,000 for that representation. Thereafter, Hammond failed to make efforts to reduce Mrs. McBratney's bond, to consult with her about the case, or to appear in court on five separate occasions. In his response to the complaint, Hammond explained that he investigated the case and a corollary matter, traveled a two-hour distance to appear in court on her behalf, and researched numerous files at the courthouse. However, an inspection of Hammond's client file for Mrs. McBratney appears to include only notes and information given to Hammond upon his initial consultation with her. Hammond presented no evidence that he had ever actually performed any services on behalf of Mrs. McBratney. In fact, Hammond never entered an appearance in Mrs. McBratney's pending criminal matter. Thereafter, she terminated the relationship and made several requests for a refund of the unearned portion of the fee. Hammond refused to refund any portion of the fee.

The Inquiry Commission issued a four-count charge against Hammond. Count I alleges a violation of SCR 3.130–1.3, for Hammond's failure to act with reasonable diligence and promptness in representing Mrs. McBratney following the initial consultation. Count II alleges a violation of SCR 3.130–1.5(a) for charging unreasonable or excessive fees. Count III alleges a violation of SCR 3.130–1.16(d) for failure to promptly return unearned advance payments of fees after Hammond did not take reasonable steps to advance Mrs. McBratney's case. Count IV alleges a violation of SCR 3.130–8.3(b) for committing a criminal act that reflects adversely on the attorney's honesty, truthfulness or fitness.

---

1. Hammond was admitted to the practice of law in the Commonwealth of Kentucky on April 29, 1994. His last known bar roster address is 660 S. 7th Street, Grayson, Kentucky, 41143. His KBA Member No. is 85218.

The charge was properly served and Hammond is in default for failure to respond. The Board of Governors found that Hammond was guilty of Counts I and III of the charge. The Board voted that Hammond was not guilty of Counts II and IV of the charge.

### KBA File No. 13264

Brady Sparks filed a pro se claim for Social Security Disability benefits, which was denied. Later, in November of 2003, he retained Hammond to represent him in an appeal of that determination. Mr. Sparks and Hammond signed a fee agreement acknowledging that the fee would be the lesser amount of 25% of any back benefits awarded, or $5,300.

Hammond filed a request for reconsideration that was later denied. However, following a hearing before an Administrative Law Judge, Mr. Sparks received a favorable determination awarding him past-due benefits. The ALJ also issued an order approving the fee agreement between Hammond and Mr. Sparks. Hammond never waived his right to receive direct payment of his fee from the Social Security Administration (SSA) at any time. The SSA later mailed Mr. Sparks a letter explaining that his total award would be $23,952.20, less the agreed-upon fee of $5,300 to be paid to Hammond.

Nonetheless, after Mr. Sparks received the first installment of his award, Hammond accepted payment from Mr. Sparks in the amount of $1,737. The SSA had not approved any attorney fees in excess of the $5,300 already deducted from the award and paid directly to Hammond. Realizing the discrepancy, Mr. Sparks then began to request a refund of the $1,737 from Hammond. Hammond never refunded the fee, nor did he provide to Mr. Sparks an accounting of the monies he received from the SSA.

The Inquiry Commission issued a five-count charge against Hammond. Count I alleges that Hammond violated SCR 3.130–1.4(a) and (b) for failing to keep Mr. Sparks reasonably informed of his case and for failing to explain the method by which he would receive his attorney fee. Count II alleges that Hammond violated SCR 3.130–1.5(a) for charging an unreasonable fee, as he accepted a fee in excess of that approved by the SSA. Count III alleges that Hammond violated SCR 3.130–1.15(b) for failing to promptly notify his client of funds received on behalf of the client, and for failing to deliver those funds or render an accounting therefore. Count IV alleges that Hammond violated SCR 3.130–3.3(a)(2) for failing to disclose a material fact to a tribunal when disclosure is necessary to avoid a fraud being perpetrated against the tribunal. This violation occurred when Hammond failed to advise the SSA that he collected fees in excess of that approved by that tribunal. Finally, Count V alleges a violation of SCR 3.130–3.4(c) for knowingly or intentionally disobeying an obligation under the rules of the tribunal, when he failed to have the total fee that he actually collected from Mr. Sparks approved by the SSA.

The charge was properly served and Hammond is in default for failure to respond. The Board of Governors found Hammond guilty of all five counts contained in this charge.

### KBA File No. 13597

On August 15, 2000, Susan Burns retained Hammond to represent her in a personal injury action arising from an automobile accident. Hammond made some initial communications with Ms. Burns' insurer, but failed to fully follow up on the insurer's requests for documentation for seventeen months. The insurer made ad-

ditional requests for documentation that were never fulfilled by Hammond.

Hammond later filed a civil action on behalf of Ms. Burns in the Carter Circuit Court. Thereafter, he took no further action in the case. However, he later sent Ms. Burns an invoice for $133.92 for filing fees. Eventually, the Carter Circuit Court issued a notice to dismiss the action for lack of prosecution. Though Hammond appeared at motion hour to oppose the dismissal, he took no further action in the case.

Ms. Burns discharged Hammond by letter, requesting her client file to be sent to her new counsel. Hammond failed to forward the file.

The Inquiry Commission issued a four-count charge with respect to Hammond's representation of Ms. Burns. Count I alleges a violation of SCR 3.130–1.3 where Hammond took few, if any, steps to advance Ms. Burns' case after filing her action in the Carter Circuit Court. Count II alleges that Hammond violated SCR 3.130–1.4(a) by failing to keep Ms. Burns reasonably informed about the status of her case. Count III alleges a violation of SCR 3.130–1.16(d) where Hammond failed to forward Ms. Burns' file to her new counsel after his representation was terminated. Count IV alleges a violation of SCR 3.130–3.2 where Hammond failed to expedite litigation consistent with Ms. Burns' interests and where he failed to take any action in the Carter Circuit Court beyond merely filing the action.

The charge was properly served and Hammond is in default for failure to respond. The Board of Governors unanimously found Hammond guilty of all four counts contained in the charge.

### KBA File No. 13633

In 2001, Hammond was retained to represent Ralph Ingles in a probate matter concerning the estate of his brother. Mr. Ingles sought to assert a claim of undue influence over the decedent by a third party. Hammond was paid $500 plus $125 for filing fees for this representation.

The following year, the Carter Circuit Court issued an order filing the final settlement of the estate. Hammond filed a motion to set aside the final settlement, and the court granted his request for an additional two weeks in which to file objections to the final settlement. Hammond never filed the objections and the estate was thereafter closed.

Hammond did not pay a filing fee to the court, though he had collected one from Mr. Ingles. Furthermore, Hammond did not keep Mr. Ingles informed as to the progress of the case, including a meeting Hammond had held with the attorney representing the executor of the estate. Hammond also did not return any portion of the attorney fee paid.

Nonetheless, Mr. Ingles and his brother, Charles Ingles, paid Hammond an additional attorney's fee to pursue an action for damages against the third party whom they believed had unduly influenced their brother by forging his signature on several checks. This time, Hammond was paid $500 plus a $140 filing fee. The Ingles brothers also agreed to pay Hammond 30% of any damages collected. Hammond took no action in this matter, nor did he return any portion of the fee.

The Inquiry Commission issued a four-count charge regarding this file. Count I alleges that Hammond violated SCR 3.130–1.3 for failure to take reasonable steps to promote his clients' interests by failing to file objections to the final settlement in the probate matter, and by failing to take any action in the case brought by the Ingles brothers. Count II alleges that Hammond failed to keep the Ingles broth-

ers adequately informed about the status of the probate case and the separate action for damages in violation of SCR 3.130–1.4(a). Count III alleges that Hammond failed to return the unearned portion of the fee paid by the Ingles brothers, including unused filing fees, in violation of SCR 3.130–1.16(d). Count IV alleges a violation of SCR 3.130–8.3(b) for committing a criminal act that adversely reflects upon an attorney's honesty, truthfulness or fitness as a lawyer.

The charge was properly served and Hammond is in default for failure to respond. The Board found Hammond guilty of Counts I, II, and III of the charge. The Board voted that Hammond was not guilty of Count IV of the charge.

### KBA File No. 13862

On August 16, 2005, Ashley Sexton retained Hammond to represent her in attempting to recover property from her estranged mother. Her father paid Hammond $750 for the representation. Hammond did not perform any work on Ms. Sexton's behalf. He also failed, upon repeated request, to return phone calls or to refund any portion of the unearned fee. Ms. Sexton later filed a complaint with the KBA. Hammond received a copy of the complaint, filing four requests for extensions of time to respond, but nevertheless failed to ever respond.

The Inquiry Commission issued a five-count charge regarding this matter. Count I of the charge alleges that Hammond violated SCR 3.130–1.3 for his failure to take any action in Ms. Sexton's case. Count II alleges a violation of SCR 3.130–1.4(a) where Hammond failed to communicate with Ms. Sexton about the status of her case. Count III alleges that Hammond failed to return any unearned portion of Ms. Sexton's advance payment upon request, in violation of SCR 3.130–1.16(d).

Count IV alleged a violation of SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Count V of the charge alleges a violation of SCR 3.130–8.1(b) where Hammond failed to respond to a lawful demand for information from a disciplinary authority.

The charge was properly served and Hammond is in default for failure to respond. The Board of Governors voted to find Hammond guilty of Counts I, II, III and V of the charge. The Board voted that Hammond was not guilty of Count IV of the charge.

### KBA File No. 13873

Hammond represented Charles Oppenheimer in an appeal before the Kentucky Court of Appeals. On February 23, 2005, the Court of Appeals issued an order requiring Oppenheimer to show cause why a prehearing statement had not been filed in the case. Hammond filed no response to the show cause order.

Three months later, the Court of Appeals issued an order dismissing the appeal and directing Hammond to show cause why sanctions should not be imposed upon him or, in the alternative, remit a $200 fine. Hammond did not respond to this order.

Again, two months later, the Court of Appeals ordered Hammond to pay the $200 fine within ten days. Hammond failed to pay the fine within the ten-day requirement. The Court of Appeals then scheduled a hearing and ordered Hammond to appear. By order of January 26, 2006, the Court of Appeals found Hammond in contempt and noted that he had "demonstrated an inexcusable pattern of non-compliance with this Court's orders," and noted for the record a repeat of that pattern in two other currently pending

appeals. This January 26th order also imposed a $500 fine. Hammond paid neither fine. He was later served with a bar complaint concerning the matter, to which he failed to respond.

The Inquiry Commission issued a four-count charge regarding this matter. Count I alleges a violation of SCR 3.130–1.3 for Hammond's failure to pursue Mr. Oppenheimer's case beyond filing the notice of appeal. Count II alleges that Hammond failed to move Mr. Oppenheimer's case along in violation of his duty to expedite litigation in violation of SCR 3.130–3.2. Count III alleges a knowing or intentional disregard for the Kentucky Court of Appeals' orders, in violation of SCR 3.130–3.4(c). Count IV alleges that Hammond violated SCR 3.130–8.1(b) because he failed to respond to a lawful demand for information from a disciplinary authority concerning a response to a bar complaint.

The charge was properly served and Hammond is in default for failure to respond. The Board of Governors unanimously found Hammond guilty of all four counts alleged in the charge.

### KBA File No. 14012

In 1999, Hammond represented Jane Cassell in a dissolution of marriage action. The decree was issued the following year. Five years later, on November 21, 2005, Ms. Cassell paid Hammond $750 to draft a qualified domestic relations order regarding her ex-husband's pension plan. Hammond never prepared the document and Ms. Cassell later discharged him by letter. He failed to return any portion of the unearned, advance payment fee to Ms. Cassell upon termination of the representation.

The Inquiry Commission issued a two-count charge in this matter. Count I alleges that Hammond failed to take reasonable steps to represent his client, due to his complete failure to prepare the requested document, in violation of SCR 3.130–1.3. Count II alleges that Hammond failed to return Ms. Cassell's advance payment of unearned fees upon termination of the representation, in violation of SCR 3.130–1.16(d).

The charge was properly served and Hammond is in default for failure to respond. The Board of Governors unanimously found Hammond guilty of both counts contained in the charge.

The Board of Governors considered all seven files listed above together for the purpose of recommending a sanction. The Board also took into consideration Hammond's prior disciplinary history, which includes a private admonition in February of 2005, a second private admonition in October of 2006, and a third private admonition, also in October of 2006. As noted above, Hammond is currently temporarily suspended from the practice of law by this Court's order dated August 24, 2006. *See Inquiry Comm'n v. Hammond,* 198 S.W.3d 591 (Ky.2006). All of Hammond's prior sanctions involve the type of conduct enumerated herein; i.e., the failure to return fees, the failure to communicate adequately with clients, and the failure to advance clients' cases. Upon consideration, the Board unanimously recommended that Hammond be suspended from the practice of law for a period of five years, and that he be required to pay restitution to his clients, or the Clients' Security Fund if it has distributed funds to those clients.

Hammond's disciplinary file reflects a pattern of conduct that is reprehensible and unacceptable. Less severe sanctions have not appeared to curtail Hammond's unethical behavior. We accept the recommendation of the Board of Governors and believe that a suspension for a period of

five years is warranted in this instance. *See KBA v. Griffith,* 136 S.W.3d 429 (Ky. 2004). Accordingly, it is hereby ordered as follows:

1. Respondent, Maxwell Hammond, II, KBA Member No. 85218, is suspended from the practice of law in Kentucky for a period of five years. The period of suspension shall commence on the date of the entry of this Order and shall continue until he is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

2. Notwithstanding the five-year period mentioned above, Hammond shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation, including any claims and judgments against the Client's Security Fund of the Kentucky Bar Association.

3. In accordance with SCR 3.450, Hammond is directed to pay the costs of these actions in the amount of $2,472.87, for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, within ten days, Hammond shall notify all clients in writing of his inability to represent them and shall furnish copies of said letters of notice to the Director of the KBA. He shall also provide such notification to all courts in which he has matters pending.

5. Hammond is also ordered to immediately cancel any and all advertising in which he may be engaged, to the extent possible.

All sitting. All concur.