**Randal Kent PERKINS KBA Member No. 85722, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2013–SC–000702–KB.**

Supreme Court of Kentucky.

Nov. 21, 2013.

### OPINION AND ORDER

Movant, Randal Kent Perkins moves this Court, pursuant to Supreme Court Rule ("SCR") 3.480(2), to enter an Order resolving three pending disciplinary proceedings against him by imposing a suspension from the practice of law for a period of five. (5) years with several conditions. Movant's Kentucky Bar Association ("KBA") member number is 85722, and his bar roster address is 12307 Brightfield Drive, Louisville, Kentucky 40243. Movant was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1995. The three KBA disciplinary cases against Movant have been consolidated into this single disciplinary action.

### KBA File 17288

In late 2007, Brian Hardesty paid Movant $500 to represent him as the plaintiff in a breach of contract and eviction case. The $500 payment included $200 to obtain a judgment against the defendants, and $300 to effectuate eviction proceedings. Accordingly, on January 9, 2008, Movant filed an action in the Jefferson District Court. On several subsequent occasions, Mr. Hardesty contacted Movant and requested information concerning the case. Movant misled Mr. Hardesty into believing that all defendants in the case had been served and that he would soon obtain a default judgment. Six months later, Mr. Hardesty had yet to obtain a default judgment.

On or about May 9, 2008, Mr. Hardesty sought to pick up his file from Movant's office and obtain proof that a motion for default judgment had actually been filed. Movant ignored Mr. Hardesty's request. On May 13, 2008, Movant, for the first time, filed a motion for default judgment. Movant made a copy of the motion and sent the file to Mr. Hardesty. The motion for default judgment was denied on May 16, 2008, with a notation by the judge that one of the defendants had not been served and that the stated damages needed to be more specific. Movant failed to correct these. deficiencies. However, Movant led Mr. Hardesty to believe that the delay was due to the judge simply failing to sign the judgment. From all other accounts, it appears the defendants were successfully

evicted from Mr. Hardesty's property.[1]

On July 24, 2008, Mr. Hardesty requested that Movant refund the $200 paid to obtain a judgment. Movant failed to reimburse Mr. Hardesty. Consequently, Mr. Hardesty filed a bar complaint against Movant on January 8, 2009. Movant responded to the bar complaint and stated that he had since refunded Mr. Hardesty $500 with an additional $100 payment to cover any incidental costs.

On August 10, 2010, the KBA Inquiry Commission issued a five-count Charge against Movant.[2] The five counts of violations included the following: (Count I) SCR 3.130–1.3 (failure to act with reasonable diligence and promptness); (Count II) SCR 3.130–1.4(a) (failure to keep client reasonably informed); (Count III) SCR 3.130–1.4(b) (failure to explain matters to client); (Count IV) SCR 3.130–1.16(d) (failure to protect client's interest upon termination of representation, including refunding any advanced payment or fee); and (Count V) SCR 3.1308.3(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### KBA File 17599

In October of 2007, Movant was performing independent contract work for the law firm of Travis & Herbert in Louisville, Kentucky. Movant received fifty percent of the fees earned, while the law firm recouped the other fifty percent. As required by SCR 3.130–1.15, all fees Movant collected under the contractual relationship were to be paid into the law firm's escrow account. Movant received numerous payments from clients which he failed to not only report to the law firm, but also failed to deposit into the law firm's escrow account. Instead, Movant retained all proceeds. The payments were received from seven different clients and totaled $4,455.

On October 19, 2011, a three-count Charge was issued against Movant, including the following violations: (Count I) ("SCR") 3.130–1.15(a) (failure to keep the property of client or third party separate from lawyer's own property); (Count II) SCR 3.130–1.15(b) (failure to promptly notify third party of receipt of funds); and (Count III) SCR 3.130–8.3(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### KBA File 18049

In July of 2009, David Megronigle retained Movant to draft articles of incorporation, an operating agreement, and a confidentiality agreement for his business. Movant received a total of $1,090 to perform the legal work, but failed to complete the job. Mr. Megronigle attempted to contact Movant on several occasions. Movant, however, failed to respond to Mr. Megronigle. On September 18, 2009, Mr. Megronigle filed a bar complaint against Movant. The Inquiry Commission, through the Office of Bar Counsel ("OBC"), notified Movant that additional information regarding the bar complaint was required, and that failure to respond could result in an additional charge of misconduct. Movant failed to respond to the request despite the OBC granting Movant numerous extensions of time to file a response.

On November 1, 2010, the KBA Inquiry Commission issued a five-count Charge against Movant. The five counts of violations including the following: (Count I)

---

1. New counsel entered an appearance on Mr. Hardesty's behalf on January 23, 2009, and default judgment was obtained against the defendants on March 25, 2009.

2. This Charge was issued prior to the July 15, 2009 amendments to the Rules of Professional Conduct.

("SCR") 3.130–1.3 (failure to act with reasonable diligence and promptness); (Count II) SCR 3.130–1.4(a)(3) (failure to keep client reasonably informed); (Count III) SCR 3.130–1.4(a)(4) (failure to promptly comply with reasonable requests for information); (Count IV) SCR 3.1301.16(d) (failure to protect client's interest upon termination of representation, including refunding any advance payment or fee); and (Count V) SCR 3.130–8.1(b) (failure to respond to a lawful demand for information from disciplinary authority).

Movant admits that his actions in this consolidated matter were in violation of the Rules of Professional Conduct listed in the three separate Charges. Accordingly, the parties have negotiated a sanction, pursuant to SCR 3.480(2), in an effort to resolve this pending disciplinary action. The negotiated sanction suspends Movant from the practice of law in the Commonwealth of Kentucky for a period of five (5) years, conditioned upon Movant paying restitution in the amount of $2,227.50 to the law firm of Travis & Herbert within one year from the date of this order. In addition, Movant must contact and cooperate with the Kentucky Lawyer Assistance Program ("KYLAP").

 Whether we will accept the negotiated sanction is within this Court's discretion. *Anderson v. Kentucky Bar Ass'n,* 262 S.W.3d 636, 638 (Ky.2008). As SCR 3.480(2) explains: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." This Court is of the opinion that the length of suspension proposed by Movant and agreed to by the KBA is adequate and comparable to suspensions imposed for similar misconduct. For example, a five-year suspension was imposed in *Kentucky Bar Ass'n v. Hammond,* 241 S.W.3d 310 (Ky.2007). In *Hammond,* the attor-

ney received fees from six different clients and not only failed to perform the work and communicate with his clients, but also failed to return the fees. *Id. See also Kentucky Bar Ass'n v. Hawkins,* 260 S.W.3d 337 (Ky.2008) (attorney received a five-year suspension after cashing thirteen settlement checks and keeping the proceeds for himself). Furthermore, we agree that Movant must pay restitution in the amount of $2,227.50 to the law firm of Travis & Herbert. This amount represents fifty percent of the proceeds Movant collected from seven separate clients under the contractual relationship.

 This Court will not, however, order Movant to "contact and cooperate" with KYLAP. The KBA record fails to show that Movant deals with substance abuse issues; nor does the record indicate that Movant suffers from a mental disorder, such as depression. The only fact which might support a referral to KYLAP is that Movant expressed that he was dealing with personal issues and had sought the advice of a counselor in 2009 in order to discuss a possible career change. Subsequently, in the fall of 2009, Movant left the practice of law and began a career in middle school education, where he has remained. KYLAP is not intended to be a punishment, but rather its purpose is to aid attorneys with mental health or substance abuse issues. We have no further information which would lead us to believe that Movant requires the assistance of KYLAP.

Therefore, this Court concludes that Movant's motion for suspension is hereby granted. ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Randal Kent Perkins, KBA Member No. 85722, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Movant is hereby suspended from the practice of law in this Commonwealth for a period of five (5) years, effective upon the date of entry of this Order.

3. Movant is ordered to pay restitution in the amount of $2,227.50 to the law firm of Travis & Herbert within one year from the date of this Order.

4. Pursuant to SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $718.02, for which execution may issue from this Court upon finality of this Order.

5. In accordance with SCR 3.390, and to the extent that he has not done so already, Movant, shall: (a) immediately, to the extent possible, cancel and cease any advertising activities; and (b) notify all courts in which he has matters pending, and all clients for whom he is actively involved in litigation and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the finality of this Opinion and Order. Movant shall provide a copy of all such letters to the Office of Bar Counsel.

MINTON, C.J.; ABRAMSON, KELLER, NOBLE, VENTERS and SCOTT, JJ., concur. CUNNINGHAM, J., concurs, but would also order Movant to pay restitution to David Megronigle in the amount of $1,090 within one year from the date of this Order.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.

Chief Justice