**Fred G. GREENE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent**

**2015-SC-000363-KB**

Supreme Court of Kentucky.

October 20, 2016.

## OPINION AND ORDER

Pursuant to SCR 3.480(2), the negotiated sanction rule, Movant, Fred G. Greene[1] moves this Court to impose upon him a one hundred eighty-one day suspension with sixty-one days of the suspension to be probated for one year, conditioned upon Movant incurring no further disciplinary charges within one year from the date of the order of this Court, maintaining his continuing legal education requirements, and paying his membership dues. Movant further proposes that if he fails to comply with any of the above conditions during the one-year probationary period, the probationary status of his suspension may be revoked and the one hundred eighty-one day suspension from the practice of law shall be served. The Kentucky Bar Association (KBA) has no objection to Movant's request.

Previously in this same disciplinary action, this Court rejected a different negotiated sanction proposed by Movant with the approval of the KBA. Movant then proposed a sixty-one day suspension with sixteen days of the suspension probated for one year subject to conditions stated above. We rejected that negotiated sanction and remanded it for further consideration. We review the facts underlying the present charges.

### I. KBA FILE NO. 18854

Frank Doss, an itinerant race track worker originally from Christian County, retained Movant in 2008 to represent him in an anticipated contentious settlement of his mother's estate. Movant entered into a fee contract for one-half of whatever he received on Doss' behalf. Sometime in the late summer of 2009, Movant received a partial distribution of $50,000.00 from the executrix's counsel. Pursuant to the fee arrangement, Movant deposited the money into his escrow account and then issued two checks, one to himself and another to Doss, each in the amount of $25,000.00. Movant and Doss expected additional distributions later. Movant lost contact with Doss in the latter part of 2009.

---

1. KBA Member No. 26890; bar roster address, P.O. Box 490, Russellville, Ky., 42276-0490. Movant was admitted to the practice of law September 1, 1972.

Movant received two other partial distributions of the estate, one in December in the amount of $100,000.00 and one in April of 2010 in the amount of $50,000.00. Both partial distributions were deposited into Movant's escrow account. After receiving the $100,000.00 distribution, he sent Frank Doss a check in the amount of $50,000.00 at his last known address. The mail was not returned to Movant, and the check was never negotiated. Consequently, when Movant received the second distribution, he did not make any effort to send any portion to Doss because he still could not locate him.

In June of 2010, Doss retained new counsel, Charles English, Sr. English contacted Movant and requested Doss's file. Movant provided the file on June 11, 2010. When English received the file, it contained a check written by Movant on his escrow account to Doss in the amount of $25,000.00, dated June 11, 2010, the same date Movant turned over the file to new counsel. The $25,000.00 represented the amount due to Doss from the April 2010, $50,000.00 partial distribution. Also on June 11, Movant wrote a check for $2,500.00 from his law office account to his escrow account to cover the $25,000.00 check to Doss. After the deduction of the $25,000.00, Movant's escrow account balance dropped to $393.39. Movant later deposited additional funds into this escrow account to cover the $50,000.00 partial distribution from December 2009.[2]

English ceased representing Doss and Doss's current whereabouts are unknown, making him unavailable to provide testimony at any evidentiary hearing.

Movant now admits that he failed to continuously maintain a minimum escrow

balance of $50,000.00 between December 9, 2009 and April 16, 2010 and a minimum balance of $75,000.00 between April 16, 2010 and June 11, 2010. These amounts represented the minimum amount owed to Doss for the partial estate distributions. Between June 11, 2010, and June 16, 2010, after having distributed $25,000.00 to Doss with the check provided in the file given to English, Movant failed to continuously maintain a minimum escrow account balance of $50,000.00.

As a result of Movant's improper administration of his escrow account, the Inquiry Commission charged Movant with having violated SCR 3.130(1.15)(a).[3] Movant admits that his conduct violated SCR 3.130(1.15)(a).

## II. KBA FILE NO. 20851

In June of 2010, Polly Young retained Movant to represent her in her fiduciary capacity as executrix of her husband's estate. On June 14, 2010, Movant contacted Young and asked if he could borrow $40,000.00. She agreed and Movant gave her a handwritten note which stated in part: "This is a loan which will be repaid in thirty days or less." Movant, however, did not repay the loan within thirty days, but did so eventually, with full interest. The loan proceeds were not from her husband's estate funds, but rather from Young's personal funds. Movant deposited the borrowed funds into his escrow account; in light of the timing, it is apparent that Movant borrowed the money so he could cover the deficiency in the Escrow account and cover amounts due to Doss as mentioned previously.

2. The check that Doss never negotiated.

3. "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. ...."

As a result of the above conduct, the Inquiry Commission charged Movant with having violated SCR 3.130(1.8)(a).[4] Movant admits that his conduct violated SCR 3.130(1.8)(a), but additionally responds that he mistakenly believed that the estate of Mr. Young, rather than Mrs. Young, was his client. However, he has since learned that attorneys in such situations are actually representing the fiduciary as opposed to the estate.

## III. DISCIPLINE

Movant admitted to professional misconduct by violating the cited Kentucky Supreme Court Rules for the charges issued by the Inquiry Commission in the matters as set forth above. Under SCR 3.480(2), Movant and the KBA have further agreed to the discipline to be imposed: a one hundred eighty-one day suspension with sixty-one days of the suspension to be probated for one year, conditioned upon Movant incurring no further disciplinary charges, maintaining his Continuing legal education requirements, and paying his membership dues.

Movant has received multiple prior disciplinary sanctions for unprofessional misconduct. More specifically, Movant has incurred the following prior disciplinary sanctions:

1. July 22, 1985 Private Admonition

2. August 11, 2004 Private Admonition.

3. May 7, 20007 Private Admonition

4. September 20, 2012 Private Admonition

5. November 21, 2012 Public Reprimand and Suspended thirty days, with conditions

6. March 20, 2013 Private Admonition

7. July 17, 2013 Private Admonition

The admitted ethical violations, which are the subject of this action, were previously considered by this Court in 2015. At that time and in agreement with Bar Counsel, Movant filed a motion under the negotiated sanction rule presenting a negotiated sanction of a sixty-one day suspension with sixteen days of the suspension to be probated for one year on the condition that he receive no additional disciplinary charges during that period. We rejected that negotiated sanction, stating as follows:.

> Despite the KBA's agreement, this Court has wide discretion in accepting or denying the proposed sanction. *Anderson v. Kentucky Bar Ass'n*, 262 S.W.3d 636, 638 (Ky. 2008). SCR 3.480(2) instructs that, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings ...." Neither Movant nor the KBA have provided us with supporting case law illustrating that the proposed sanction is "adequate and comparable to [punishment] imposed for similar misconduct." *Perkins v. Kentucky Bar Ass'n*, 412 S.W.3d 877, 880 (Ky. 2013). Movant also fails to point to any mitigating factors indicating that a probated suspension is appropriate. In fact, while neither party mentions or discusses Movant's prior disciplinary history, a cursory review of his record shows that Movant was recently punished for a similar disciplinary infraction in November of 2012. More specifically, in *Kentucky Bar Ass'n v. Greene*, 386 S.W.3d 717, 721 (Ky. 2012), this Court found Movant guilty of violating SCR 3.130-1.15(a) (failure to hold client's property in a separate account for safe keeping) and SCR 3.130-1.5(a) (charging an unreasonable fee). This Court pub-

---

4. "A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client ...."

lically [sic] reprimanded Movant for violating SCR 3.130-1.15(a) and suspended Movant for thirty-days for his violation of SCR 3.130-1.5(a). *Id.*

As Movant's prior and current disciplinary actions demonstrate, he has difficulty managing his clients' funds. We believe that Movant's consistent and arguably willful violations of SCR 3.130-1.15(a) warrant more than a probated suspension. It seems to the Court that the discipline is too light considering his prior record. Therefore, due to the nature of Respondent's misconduct and in consideration of his disciplinary history, this Court finds that the consensual discipline proposed by Movant and agreed to by the KBA is inadequate.

We accordingly denied the proposed negotiated sanction and remanded the case for further disciplinary proceedings in conformity with the Rules of Professional Conduct.

After reviewing the record, the applicable ethical standards, other relevant authorities, and Movant's past disciplinary history, this Court concludes that the revised discipline proposed by Movant, and agreed to by the KBA, is *adequate*. The proposed sanction period will amount to an actual suspension of 120 days or 4 months.

Four years ago, Movant was found guilty of two violations—charging an unreasonable fee in violation of SCR 3.130(1.5)(a) and commingling of funds in violation of SCR 3.130(1.15)(a). *Kentucky Bar Ass'n v. Greene*, 386 S.W.3d 717 (Ky. 2012). In that case, Movant was suspended from the practice of law for thirty days and required to complete six hours of additional continuing legal education on the subject of law office management, client agreements, and billing practice requirements. *Id.* at 736. It is noted that Movant committed the ethical violations addressed in the instant action before the imposition of the thirty-day suspension, and thus we cannot conclude from his guilt here that the thirty-day suspension failed to make a therapeutic impression. We can say, however, that these offenses have the cumulative effect of exposing a more persistent and more harmful character deficiency than was apparent in Movant's previous appearance before this Court.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1) Movant's motion for this Court to impose a one hundred eighty-one day suspension with sixty-one days of the suspension to be probated for one year is *granted* conditioned upon Movant incurring no further disciplinary charges, maintaining his Continuing legal education requirements, and paying his membership dues.

2) Pursuant to SCR 3.390, and to the extent that he has not otherwise done so, Movant shall notify in writing all courts in which he has matters pending of his suspension from the practice of law and notify in writing all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten days of the date of this Opinion and Order. Movant shall simultaneously provide a copy of all such letters to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Movant shall immediately cancel and cease any advertising activities in which he is engaged; and

3) Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $829.38, for which execution may issue from this Court finality of this Opinion and Order.

/s/ John D. Minton Jr.

CHIEF JUSTICE

All sitting. All concur.

